IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MURRAY, ET AL.                                              PLAINTIFFS

V.                                    CIVIL ACTION NO.: 3:10-cv-188-DPJ-FKB

GENERAL MOTORS, ET AL.                                      DEFENDANTS

ORDER

This products-liability case is before the Court on Defendants' Motions to Dismiss [7, 9] and Plaintiffs' Motion to Remand [11].  Because in-state defendant Skinners Chevrolet was improperly joined, the Court finds that Defendants' motions should be granted and Plaintiffs' motion should be denied.

I.      Facts and Procedural History

Steven Murray purchased a Chevy HHR from Skinners Chevrolet Buick GMC (Skinners) in Terry, Mississippi, on August 12, 2005.  The vehicle crashed approximately four years latter. According to Plaintiffs, the front left steering knuckle broke and the left side of the vehicle suddenly dropped, causing the driver, Murray's wife Lenora, to lose control.  The HHR left the road, hit several objects, flipped, and landed upside down.  The airbags never deployed.

The Murrays sued the manufacturer, General Motors (GM), and the local dealer, Skinners, in March 2010 in the Circuit Court of Copiah County, Mississippi.  Their claim seeks damages for negligence, gross negligence, strict liability, breach of express warranty, breach of implied warranty of merchantability, fraudulent misrepresentation, and negligent misrepresentation, plus a declaration that GM's arbitration clause is unenforceable—all under Mississippi law.  GM was served on March 10, 2010, and filed a timely Notice of Removal based on diversity jurisdiction.  GM argues that Skinners was improperly joined for the purpose

of defeating the rule of complete diversity under 42 U.S.C. § 1332.  Thereafter, both Skinners and GM moved to dismiss Skinners as an innocent seller under the Mississippi Products Liability Act (MPLA), Miss. Code Ann. § 11-1-63(h).  The Murrays opposed and moved to remand.

II.     Standard of Review

A party may remove a case from state to federal court under 28 U.S.C. § 1441(b) when, on the face of the complaint, it appears the case invokes one or more grounds for federal subject matter jurisdiction.  *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995).  The Removing party has the burden of proving that the federal court has jurisdiction to hear the case.  *Jerigan v. Ashland Oil Co.*, 989 F.2d 812, 815 (5th Cir. 1993).  Where, as here, removal is based on a claim of improper joinder, the "appropriate test is whether there is any reasonable basis for predicting the plaintiffs might be able to recover against the in-state . . . defendant."  *Jones v. Gen. Motors Corp.*, No. 3:06-CV-608, 2007 WL 1610478, at *1 (S.D. Miss. June 1, 2007) (quoting *Love v. Ford Motor Co.*, 212 F. App'x 292, 294 (5th Cir. 2006)); *see also Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).  But "[a] 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder."  *Smallwood*, 385 F.3d at 573 n. 9 (quoting *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n. 4 (5th Cir. 2000)).

A district court should ordinarily resolve an improper-joinder claim by conducting a Rule 12(b)(6)-type analysis.  *Id*. at 573.  The Court must 'evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff."  *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981) (citations omitted).  Similarly, the court must resolve all ambiguities in controlling state law in the

2

plaintiff's favor.  *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003) (citations omitted).  The plaintiff must, however, plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Finally, "[t]here are cases, hopefully few in number, in which the plaintiff has stated a claim, but misstated or omitted discrete facts that would determine the propriety of joinder ."  *Smallwood*, 385 F.3d at 573.  In such cases, the district court has the discretion to pierce the pleadings and conduct a summary inquiry.  *Id.* (citations omitted).

III.    Analysis

The Murrays sued GM and Skinners asserting the above referenced state-law theories of recovery.  Defendants respond that, under the MPLA, Skinners is an "innocent seller" and, therefore, the Murrays have no reasonable basis for recovering against Skinners.  The MPLA states in pertinent part:

> In any action alleging that a product is defective . . . the seller of a product other than a manufacturer shall not be liable unless the seller exercised substantial control over that aspect of design, testing, manufacture, packaging or labeling of the product that caused the [plaintiffs'] harm . . . or the seller altered or modified the product, and the alteration or modification was a substantial factor in causing [the plaintiffs'] harm . . . or the seller had actual or constructive knowledge of the defective condition at the time he supplied the product [to the plaintiffs].

Miss. Code Ann. 11-1-63(h) (2010).  The statute explains that its intent is "to immunize innocent sellers who are not actively negligent, but instead are mere conduits of a product."  *Id*.  The Court will address each of the Murrays' claims individually.

A.    Negligence/Gross Negligence

In Mississippi, a claim for negligence must show (1) a duty, (2) breached by the defendant, which (3) proximately caused (4) the plaintiff's injuries.  *Steele v. Inn of Vicksburg, Inc.*, 697 So. 2d 373, 376–77 (Miss. 1997).  Failure to plead any of these essential elements

3

renders the plaintiff's claim facially invalid.  *Gulledge v. Shaw*, 880 So.2d 288, 292 (Miss. 2004) (citing *Little v. Miss. Dept. of Human Servs.*, 835 So.2d 9, 11 (Miss. 2002)) ("A motion to dismiss . . . tests the legal sufficiency of the complaint.").  Although the Murrays assert two negligence theories, they cannot reasonably recover against Skinners on either.

        1.      Post-Sale Failure to Recall

The Murrays first claim that Skinners is liable for their injuries because Skinners twice failed to notify them of recalls.  But even if the recalls applied to this vehicle—which is disputed—they came after the sale, and Mississippi imposes no post-sale duty to warn.  Miss. Code Ann. § 11-1-63(a) (requiring proof of defendant's knowledge "at the time the product left the control of the manufacturer or seller"); *Noah v. Gen. Motors Corp.*, 882 So. 2d 235, 239 (Miss. Ct. App. 2004).  Plus, section 11-1-63(h) immunizes an innocent seller unless he has "actual or constructive knowledge of the defective condition of the product *at the time he supplied the product*."  (Emphasis added).  The Murrays cannot show that Skinners breached its duty by not recalling their vehicle.

        2.      Negligent Inspection and Repair

The Murrays also claim that Skinners is liable for injuries arising from the allegedly defective HHR because it serviced the vehicle under GM's warranty and failed to inspect, identify, and repair its defective parts.  Again though, Mississippi law immunizes innocent sellers, and there is no post-sale duty to inspect.  Miss. Code Ann. § 11-1-63(a), (h).  *Cf.*, *Creel v. Gen. Motors Corp.*, 233 So. 2d 105, 108 (Miss. 1970) (finding no liability for seller and no general duty to inspect where plaintiffs never complained about, and the dealer never performed, maintenance on or in the area of, the subject component).

The issue would be different if Skinners negligently serviced the subject components. But the Murrays, in their Complaint, included only the general averment that Skinners serviced the vehicle.  They never pled that Skinners was asked to service, or did service, the relevant component parts.  Absent such averments, Plaintiffs have failed to state a plausible claim that would survive section 11-1-63(h).  *Twombly*, 550 U.S. at 570; *see also Baggett v. Yamaha Motor Co.*, No. 3:06-CV-00184-TSL-JC, 2006 WL 1520539, at *2 (S.D. Miss. May 31, 2006) (granting summary judgment to innocent seller under section 11-1-63(h) where plaintiff offered conclusory allegations that seller "may have performed one or more services" on the allegedly defective product).

Moreover, the failure to plead whether or not Skinners serviced relevant components allows a piercing of the pleadings.  *Smallwood*, 385 F.3d at 573.[1]  According to the Murrays, Vera Skinner's affidavit admits the air bags were repaired (presumably by Skinners).  Pl.'s Reply [24] at 3.  The Murrays offer no other record evidence to establish the point, and Vera Skinner's affidavit reveals just the opposite.  According to Skinner, "Skinner Chevrolet performed no maintenance, repair or service work on . . . the air bag system."  Defs.' Mot. to Dismiss [7] ex. 5, Skinner Aff. ¶ 15.  The Murrays' speculative and conclusory allegations cannot create a question of fact.  Thus, there exists no reasonable basis for predicting that the Murrays will succeed on their negligence claims against Skinners.

B.      Breach of Express Warranty

The Murrays argue that Skinners expressly warranted the relevant component parts.  The Murray's appear to base their express warranty claims on two warranty agreements they

_____

[1]Although the Murrays object to piercing, they attempted to support their contentions with information beyond the pleadings.

5

purchased when they took possession of the vehicle.  *See* Pl.'s Reply [24] at 2–3.[2]  First, they point to the 3-year, 36,000-mile warranty issued by GM.  Second, they point to a service contract offered by Universal Underwriters Insurance Company (Universal).  GM correctly responds that neither of these warranties were between the Murrays and Skinners.  GM guaranteed the manufacturer's warranty, and Universal guaranteed the extended warranty.  In other words, Skinners was not obligated under either document.  *See Wright v. Paul Moak Pontiac, Inc.*, 828 So. 2d 201, 202 (Miss. Ct. App. 2001) (affirming trial court's finding that automobile dealer, acting as agent for manufacturer, was not liable for breach of express warranty made by manufacturer).[3]  Even if Skinners was obligated under the agreements, it is not apparent that the first remained in effect or that either created an applicable express warranty in this context.  Thus, there exists no reasonable basis for predicting the Murrays will succeed against Skinners on the express warranty claim.

C.    Breach of Implied Warranty of Merchantability

The Murrays cite Mississippi cases holding dealers liable for breach of implied warranties.  But these cases were decided before the Mississippi legislature protected innocent sellers, and "[f]ederal courts in Mississippi have interpreted [Section 11-1-63(h)] . . . as prohibiting a claim of breach on an implied warranty against an innocent seller."  *Land v. Agco Corp.*, No. 1:08-CV-012, 2008 WL 4056224, at *2 (N.D. Miss. Aug. 25, 2008) (collecting cases

---

[2]The Murrays state in their affidavits that Skinners' employees made general statements regarding the vehicle, but based on their memoranda, it appears that the express warranty claims are premised on the two agreements addressed in this section.  Even if the general statements made during the sale were part of this cause of action, it would still fail.

[3]The Murrays submitted the actual Universal contract as supplemental record evidence.  Pls.' Resp. [26] Ex. 1.  The document confirms that the contract is with Universal, not Skinners.

and joining in this interpretation).  In *Jones v. Gen. Motors Corp*., this Court provided an in depth construction of the MPLA and held that innocent sellers are immune from implied warranty claims.  No. 3:06CV00608-DPJ-JCS, 2007 WL 1610478, at *3 (S.D. Miss. June 1, 2007).  So the question is whether Skinners is an innocent seller.  On this point, neither the Complaint nor the record evidence suggest any knowledge—constructive or otherwise—on the part of Skinners at the time the vehicle was sold.  Skinners is therefore immune, and there exists no reasonable basis for predicting success on the Murrays' claim for implied warranty.  *See* Miss. Code Ann. § 11-1-63(h).

D.      Fraudulent/Negligent Misrepresentation

The Murrays argue that Skinners is subject to liability for fraudulent or negligent misrepresentations.  Starting with the fraud claim, the Murrays were required to plead the facts with particularity.  *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); Miss. R. Civ. P. 9(b) ("[T]he circumstances constituting fraud or mistake shall be stated with particularity.").  This they have not done.  The alleged misrepresentations were pled collectively as to GM and Skinners, and the Complaint fails to identify who at Skinners may have said what. *See Williams v. WMX Techs., Inc*., 112 F.3d 175, 178 (5th Cir. 1997) ("the who, what, when, and where must be laid out"); *Allen v. Mac Tools, Inc*., 671 So. 2d 636, 642 (Miss. 1996) (examining Rule 9(b) and noting that "[f]raud will not be inferred or presumed and may not be charged in general terms.  The circumstances of the alleged fraud such as the time, place and contents of any false representations or conduct must be stated" (quoting *Brabham v. Brabham*, 483 So. 2d 341, 342 (Miss. 1986))); *Powell v. Cohen Realty, Inc*., 803 So. 2d 1186, 1190 (Miss. Ct. App. 1999)

7

(rejecting "a general allegation of fraudulent misrepresentation" because plaintiff failed to "state with particularity the circumstances surrounding the fraud").

As for negligent misrepresentation, the Murrays offer several allegations in their memoranda in support of remand. In their initial brief, the Murrays rely on the GM and Universal warranties addressed above as well as the contention that Skinners made negligent misrepresentations by failing to disclose known defects. Pls.' Mot. to Remand [11] at 14. In another brief, Plaintiffs contend that employees of Skinners made representations regarding issues such as safety and durability. Pl.'s Resp. [15] at 10. But as stated previously, the Complaint failed to address Skinners' knowledge at the time of the sale. This omission allows a piercing of the pleadings. *Smallwood*, 385 F.3d at 573. Having done so, Skinners' record evidence remains unrebutted that it had no knowledge of the alleged defects and made no representations regarding the subject components. Even if the statements could be viewed as more than mere "puffing," Skinners is an innocent seller entitled to immunity under section 11-1-63(h).

Finally, in their reply in support of remand, the Murrays made no mention of the alleged negligent misrepresentations addressed in the previous paragraph, and instead argued:

> [A] Skinners Chevrolet salesman made representations to Mr. Murray that convinced him he was purchasing an extended warranty for the car for $1,500.00. Mr. Murray relied on Skinners Cheverlot's salespersons when they told him he had purchased the extended warranty coverage. The Skinners Chevrolet salesperson misled Mr. Murray to believe that he had purchased the extended warranty coverage. He subsequently received a $2,951.00 bill for the extended warranty c overage he had paid for.

Pls.' Reply [24] at 4. These allegations are of no moment because they reflect a new cause of action that was not pled in the Complaint. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999) ("Post-removal filings may not be considered, however, when or to the extent

8

that they present new causes of action or theories not raised in the controlling petition filed in state court.") (citation omitted).

IV.     Conclusion

There is "no reasonable basis for predicting the [Murrays] might be able to recover against" Skinners under the theories asserted. *Love*, 212 F. App'x at 294. Thus, the Court concludes Skinners was improperly joined. Defendants' motions [7, 9] should therefore be granted. With Skinners no longer a party, the Court further finds that subject matter jurisdiction exists under 28 U.S.C. § 1332. Complete diversity exists between the parties and the amount in controversy exceeds $75,000. Plaintiffs' Motion to Remand [11] is therefore denied.

**SO ORDERED AND ADJUDGED** this the 7th day of January, 2011.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE