**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**LEONORA MURRAY, STEPHEN
MURRAY, SR., AND M.B., a minor
by and through her maternal
grandmother, LEONORA MURRAY**                                                                           **PLAINTIFFS**

**V.**                                                                **CIVIL ACTION NO. 3:10-CV-188 HTW-LRA**

**GENERAL MOTORS, LLC.**                                                                                       **DEFENDANT**

## ORDER

Before this court are five motions filed by plaintiffs Lenora Murray, Stephen Murray, Sr., and M.B., a minor by and through her maternal grandmother: a motion for reconsideration [docket no. 30]; a motion for certificate of appealability [docket no. 31]; a motion for entry of judgment [docket no. 32]; a motion to stay case [docket no. 33]; and a second motion for reconsideration [docket no. 34]. For the reasons provided herein, this court denies the motions for reconsideration and motion for certificate of appealability, but grants the motions for entry of judgment and stay of the proceedings.

### I. Background

The plaintiffs herein, Leonora Murray; Stephen Murray, Sr.; and M.B., a minor, by and through her maternal grandmother, Leonora Murray, filed this action in the Circuit Court of Copiah County, Mississippi, on March 5, 2010, against defendant

1

Motors Liquidation Company, formerly known as General Motors Corporation ("MLC");[1] General Motors, LLC ("GM"); and Skinner Chevrolet Buick Pontiac GMC ("Skinner"). MLC and GM are out-of-state corporations. Skinner is a Mississippi corporation. Plaintiffs are all Mississippi citizens.

Plaintiffs allege that on August 25, 2009, when Leonora Murray was driving a Chevrolet automobile with M.B. as a passenger, the front end of the vehicle suddenly dropped to the pavement, and she could not steer or direct the vehicle.  The Chevrolet, purchased from Skinner, careened off the road, hit several objects, flipped, and landed upside down on a pole that penetrated the roof.   Murray and M.B. allegedly suffered injuries.

Plaintiffs raise claims of negligence, gross negligence, strict liability, breach of express warranty, breach of implied warranty of merchantability, fraudulent misrepresentation, and negligent misrepresentation. Plaintiffs seek compensatory damages in the amount of $5,000,000.00, along with costs and expenses.

General Motors removed this matter [docket no. 1] on April 2, 2010, invoking diversity subject matter jurisdiction.  GM filed a motion to dismiss [docket no. 7] on April 9, 2010, arguing that plaintiffs improperly had joined Skinner in order to defeat diversity jurisdiction.  GM contended that Skinner was an innocent seller and, thus, immune from liability under Miss Code Ann § 11-1-63(h).  Skinner also filed a motion to dismiss on April 9, 2010, in which it argued for its dismissal on the same grounds of the innocent seller doctrine.  Plaintiffs filed a motion to remand [docket no. 11] on April 15, 2010.  In

---

[1]The Copiah County Circuit Court dismissed Motors Liquidation from this lawsuit on March 26, 2010, upon plaintiffs' request [docket no. 1, Exhibit 2].

that motion, they argued that complete diversity was lacking because Skinner was properly joined.

This court issued an order on January 7, 2011 [docket no. 29], granting both defendants' motions to dismiss and denying plaintiffs' motion to remand. Plaintiffs have filed a motion for reconsideration [docket no. 30].

## II. Law and Analysis

### A. Motion for Reconsideration

#### 1. Standard

Motions for reconsideration are made pursuant to Rule 59(e), which allows for the filing of a motion to alter or amend a judgment within 28 days of a judgment. *See Patin v. Allied Signal, Inc.*, 77 F.3d 782, 785 n.1 (5th Cir. 1996); Rule 59(e). The narrow purpose of a motion for reconsideration is to allow a party the opportunity to correct manifest errors of law or fact or present newly discovered evidence. *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). Motions for reconsideration should not be used to raise arguments that could have been made before the entry of judgment or to re-urge matters that have already been advanced by a party. *See id.* at 473-74. "Reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

#### 2. Motion to Dismiss

This court will first address the errors plaintiffs allege in this court's January 7, 2011, order concerning the defendants' motion to dismiss. This court will then address

3

plaintiffs' arguments regarding the plaintiffs' motion to remand.

Plaintiffs argue that this court's January 7, 2011, order misconstrues this case as only a products-liability case, failing to address or acknowledge plaintiffs' claims of negligence, gross negligence, fraudulent misrepresentation, negligent misrepresentation, and Uniform Commericial Code (UCC) claims of breach of express warranty and breach of implied warranty of merchantability.  Plaintiffs also assert that innocent seller immunity applies only to claims brought under the Mississippi Products Liability Act ("MPLA") and not to plaintiffs' claims of negligence, misrepresentation, fraud and those under the UCC.

### a. Breach of Express Warranty, Fraudulent Misrepresentation and Negligent Misrepresentation

This court specifically addressed plaintiffs' claim for breach of express warranty and dismissed the claim on contractual grounds since the warranties were not between Skinner and plaintiffs.  This court also specifically addressed plaintiffs' fraudulent misrepresentation claim and dismissed that claim for plaintiffs' failure to plead the alleged acts of fraud committed by Skinner with particularity as required by both Mississippi Rule of Civil Procedure 9(b)[2] and Federal Rule of Civil Procedure 9(b).[3]  In analyzing these claims, this court made no mention whatsoever of the MPLA or innocent seller immunity.

---

[2]The Mississippi rule states in pertinent part that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

[3]The federal rule provides in pertinent part that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

This court further specifically addressed plaintiffs' negligent misrepresentation claim and dismissed the claim for plaintiffs' failure to establish that Skinner had made any representations concerning the subject components.[4] In the alternative, this court stated that had plaintiffs sufficiently alleged that Skinner made misrepresentations, Skinner was entitled to innocent seller immunity for this claim. Plaintiffs alleged that the defendants "failed to exercise ordinary care in disclosing what they knew about the defects in the car and air bag."[5] While the claim was properly dismissed independently for failure to sufficiently allege the elements of negligent misrepresentation,[6] as explained herein, claims so closely related to the defective product allegation, regardless of label, are subject to the law of product liability,[7] including immunities such as the innocent seller doctrine.

---

[4]In order to establish negligent misrepresentation, the following elements must be proven:

> (1) *a misrepresentation or omission of a fact*; (2) that the representation or omission is material or significant; (3) that the person/entity charged with the negligence failed to exercise that degree of diligence and expertise the public is entitled to expect of such persons/entities; (4) that the plaintiff reasonably relied upon the misrepresentation or omission; and (5) that the plaintiff suffered damages as a direct and proximate result of such reasonable reliance.

(emphasis added) *Hazlehurst Lumber Co. v. Miss. Forestry Comm'n*, 983 So. 2d 309, 313 (Miss. 2008) (citation omitted).

[5]Motion to Remand, p.14

[6]A claim consisting of a formulaic recitation of the elements of a cause of action will not survive a motion to dismiss. *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

[7]*See e.g., McSwain v. Sunrise Med., Inc.*, 689 F. Supp. 2d 835, 845-46 (S.D. Miss. 2010) (claims brought under the MPLA can be dispositive as to related product-based claims); *Walker v. George Koch Sons, Inc.*, 610 F.Supp.2d 551, 562-63 (S.D. Miss 2009) (same); and *Moss v. Batesville Casket Co., Inc.*, 935 So. 2d 393, 406 (Miss. 2006) (same).

This court finds no manifest error of law in its decision to dismiss these three claims. Therefore, plaintiffs' motion to reconsider is denied as to these claims.

The remaining claims, however – negligence, gross negligence and breach of implied warranty of merchantability – were all dismissed solely on the basis of innocent seller immunity. This court will now address plaintiffs' arguments that these claims were improperly dismissed under the innocent seller immunity doctrine.

### b. Negligence and Gross Negligence

This court, in its January 7, 2011 order, dismissed plaintiffs' claims of negligence against Skinner, on the ground of innocent seller immunity as codified in Mississippi Code Annotated Section 11-1-63(h). Section 11-1-63(h) states:

> In any action alleging that a product is defective. . . the seller of a product other than the manufacturer shall not be liable unless the seller exercised substantial control over that aspect of the design, testing, manufacture, packaging or labeling of the product that caused the harm for which recovery of damages is sought; or the seller altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought; or the seller had actual or constructive knowledge of the defective condition of the product at the time he supplied the product. It is the intent of this section to immunize innocent sellers who are not actively negligent, but instead are mere conduits of a product.

In order to determine which, if any, of plaintiffs' claims are affected by the MPLA, the inquiry is whether the claims assert liability based on the alleged defect in the product at issue. In Mississippi, products liability encompasses allegations of liability of "those who supply goods or products for the use of others to purchasers, users and bystanders for losses of various kinds resulting from so-called defects in those products." *McSwain v. Sunrise Med., Inc.*, 689 F. Supp. 2d 835, 845 (S.D. Miss. 2010) (citing *R.J. Reynolds Tobacco Co. v. King*, 921 So. 2d 268, 271 (Miss. 2005)). This

court recognizes plaintiffs' argument that the MPLA is not the exclusive remedy for claims of malfunctioning automobiles. *McSwain*, 689 F. Supp. 2d at 845 (citing *Watson Quality Ford, Inc. v. Casanova*, 999 So. 2d 830, 833-34 (Miss. 2008)). This court also acknowledges that negligence claims based on injury due to a product can be duplicative of related strict liability claims. Consequently, "findings for the claims brought under the MPLA can be dispositive as to the product-based negligence claims such as negligent failure to warn and negligent design." *McSwain*, 689 F. Supp. 2d at 846 (citing *Moss v. Batesville Casket Co., Inc.*, 935 So. 2d 393, 406 (Miss. 2006) (holding that the defect claims – warranty claims and product liability claims – were dispositive as to related negligence claims since all the negligence claims relate back to or merely reargue the defect claims). This court has explained that when a plaintiff's negligence claim cannot survive apart from his MPLA claim, regardless of how the plaintiff labels the claims, e.g., as a product liability claim or a negligence claim, the claim is governed by the MPLA. *McSwain*, 689 F. Supp. 2d at 845 (citing *Walker v. George Koch Sons, Inc.*, 610 F.Supp.2d 551, 562-63 (S.D. Miss 2009)).

In this case, plaintiffs allege that with respect to the 2006 Chevrolet automobile, the defendants breached a duty to inspect, identify and repair defects and notify plaintiffs of defects. These are essentially negligent failure to warn and negligent design claims. These claims are based on the same set of facts supporting plaintiffs' MPLA claim and are inextricably intertwined with that claim. Therefore, the innocent seller doctrine under the MPLA applies to plaintiffs' negligence claims, and this court correctly found such in its January 7, 2011, opinion. Accordingly, plaintiffs' motion for

reconsideration is denied as to the negligence claims.

### c. Breach of Implied Warranty of Merchantability

Section 11-1-63 begins by explaining that it applies to "any action for damages caused by a product except for commercial damage to the product itself."  Mississippi state courts have yet to rule on whether the breadth of this statement encompasses breach of implied warranty claims.  Federal courts in Mississippi, however, have interpreted the statute in that regard, all having held similarly that § 11-1-63(h) immunizes innocent sellers against breach of implied warranty claims brought in product liability actions.[8]

---

[8] Other decisions concluding similarly to the decision before the court for reconsideration, *Murray v. GM*, Civil Action No. 3:10-cv-188 (S. D. Miss. January 7, 2011), are: *Braswell v. Invacare Corp.*, Civil Action No. 4:09-cv-86 (S. D. Miss November 5, 2009) (In a products liability suit with various claims, including breach of implied warranty of merchantability, the district court held that the company from which the plaintiff purchased the allegedly defective product was an innocent seller, "against which plaintiff ha[d] no reasonable possibility of recovery"; *Jenkins v. Kellogg Co.*, Civil Action No. 4:08-cv-121 (N.D. Miss. July 6, 2009) ("The [MPLA] confines recovery for personal injury to those instances in which a plaintiff can demonstrate defective manufacture, defective design, inadequate warning or breach of express warranty. . . . [Innocent seller] immunity, as interpreted and applied by numerous federal district courts in Mississippi, extends to all theories of liability, including breach of implied warranty.") *Land v. Agco Corp.*, Civil Action No. 1:08-cv-012 (N.D. Miss August 25, 2008) (Although, "Mississippi state courts have yet to rule on the applicability of subsection (h) to breach of implied warranty claims. . . federal courts in Mississippi have interpreted the statute. . . as prohibiting a claim of breach of an implied warranty against an innocent seller"); *Willis v. Kia Motors Corp.*, Civil Action No. 2:07-cv-62 (N.D. Miss  June 26, 2007) ("[T]here is no reasonable possibility of recovery against the resident dealership for the breach of the implied warranty of merchantability given the language in § 11-1-63(h)."); *Jones v. GMC*, Civil Action No. 3:06-cv-608 (S.D. Miss. June 1, 2007) ("[T]his Court finds that §11-1-63(h) immunizes innocent sellers against breach of implied warranty claims brought in product liability actions.") and *Collins v. Ford Motor Co.,* Civil Action No. 3:06-cv-32 (S.D. Miss. Sept. 26, 2006) (rejecting plaintiffs' assertion that §11-1-63(h) was not applicable to their claim of breach of implied warranty of merchantability because that claim was not contemplated by the statute and determining that the seller was entitled to immunity under §11-1-63(h)). Although none of these decisions has been published, this court mentions each for its pertinence.

Plaintiffs contend that the UCC breach of implied warranty of merchantability claim applies to a retail seller as well as to the manufacturer of a defective automobile. Plaintiffs cite *Royal Lincoln-Mercury Sales, Inc. v. Wallace*, 415 So. 2d 1024 (Miss. 1982) in support of their argument.  In *Royal*, the Mississippi Supreme Court held that § 75-2-314[9] can apply to sellers when there is an issue of fact as to whether the item in question was fit for the ordinary purpose for which it was purchased.  *Royal*, 415 So. 2d at 1027.

*Royal* is inapplicable to the question before the court.  *Royal* simply states that a claim for breach of implied warranty of merchantability brought pursuant to § 75-2-314 can apply to sellers.  *Royal*, a decision issued in 1982, does not address whether an action under § 75-2-314 is subject to the immunity provided in §11-1-63(h), which went into effect in 2004.

The Mississippi Supreme Court has not spoken to the interaction between §§ 11-1-63(h) and 75-2-314, and this court's January 7, 2011, decision is consistent with the other federal decisions in this state interpreting §11-1-63(h).  Therefore, plaintiffs' motion for reconsideration is denied as to the claim for breach of implied warranty of merchantability.

### 3. Motion to Remand

This court determined in its January 7, 2011, order that no arguably reasonable basis existed for predicting that the state law of Mississippi might impose liability for

---

[9]Section 75-2-314(1) states in pertinent part that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind."

9

plaintiffs' claims. *Jefferson County Sch. Dist. v. Lead Indus. Ass'n*, 223 F. Supp. 2d 771, 784-85 (S.D. Miss. 2002) (denying plaintiff's request for interlocutory appeal of the court's order denying remand on grounds of fraudulent joinder). Therefore, this court dismissed Skinner, which was improperly joined. Since diversity jurisdiction existed at that point, this court denied the motion to remand.

Plaintiffs argue that the court erroneously relied on *Jones v. Gen. Motors Corp.*, Civil Action No. 3:06-cv-608 (S. D. Miss June 1, 2007), in denying plaintiffs' motion to remand. Plaintiffs contend that *Jones* is distinguished from the present case in that the court applied the innocent seller immunity rule where the action was only a products liability case. Actually, in *Jones* the plaintiff alleged negligence in addition to her defective design claims, and this court determined those claims were subject to innocent seller immunity in § 11-1-63(h).

This court finds, as noted above, that *Jones* is applicable to the present matter. Moreover, this court's decision to deny remand under the circumstances is consistent with other Mississippi federal cases. *See Braswell v. Invacare Corp.*, Civil Action No. 4:09-cv-86 (S. D. Miss November 5, 2009) (denying remand where the Mississippi seller was immune under § 11-1-63(h) and thus, was improperly joined); *Jenkins v. Kellogg Co.*, Civil Action No. 4:08-cv-121 (N.D. Miss. July 6, 2009) (same); *Land v. Agco Corp.*, Civil Action No. 1:08-cv-012 (N.D. Miss August 25, 2008) (same); *Willis v. Kia Motors Corp.*, Civil Action No. 2:07-cv-62 (N.D. Miss June 26, 2007) (same); *Jones v. GMC*, Civil Action No. 3:06-cv-608 (S.D. Miss. June 1, 2007) (same); and *Collins v. Ford Motor Co.,* Civil Action No. 3:06-cv-32 (S.D. Miss. Sept. 26, 2006) (same).

**B. Motion for Certificate of Appealability**

Pursuant to Title 28 U.S.C. § 1292(b),[10] plaintiffs request that this court certify its January 7, 2011, order denying plaintiffs' motion to remand and granting the defendants' motion to dismiss for appeal to the United States Court of Appeals for the Fifth Circuit. Section 1292(b) permits a court to certify an interlocutory appeal where (1) a controlling question of law is involved, (2) there is substantial ground for difference of opinion about the question of law, and (3) immediate appeal will materially advance the ultimate termination of the litigation. *Rico v. Flores*, 481 F.3d 234, 238 (5th Cir. 2007). District courts may grant parties leave to appeal non-final orders only under exceptional circumstances, and the movant has the burden of persuading the court that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment. *Parcel Tankers, Inc. v. Formosa Plastics Corp.*, 764 F.2d 1153, 1155 (5th Cir. 1985) (citing *Fisons, Ltd. v. United States*, 458 F.2d 1241, 1248 (7th Cir. 1972)). A mere claim that a district court's decision was incorrect does not suffice to establish substantial ground for a difference of opinion. *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*, 426 F. Supp. 2d 125, 129 (S.D.N.Y.

---

[10]Section 1292(b) states in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order. . .

2005); rather, to satisfy this prerequisite, there must be "substantial doubt" that the district court's order was correct. *Id.*

Plaintiffs argue that the controlling question of law as to which there is a substantial ground for difference of opinion is whether the innocent seller defense allows a breach of implied warranty of merchantability claim under § 75-2-314. Plaintiffs do not dispute the accuracy of the holdings of any of the federal cases on which this court has relied. Plaintiffs instead state that the pertinent federal cases were decided before the Mississippi Supreme Court decided *Watson Quality Ford, Inc. v. Casanova*, 999 So. 2d 830, 833-34 (Miss. 2008). This court, however, has relied on multiple decisions issued after *Casanova*.[11] *See supra, Braswell v. Invacare Corp.*, Civil Action No. 4:09-cv-86 (S. D. Miss November 5, 2009) and *Jenkins v. Kellogg Co.*, Civil Action No. 4:08-cv-121 (N.D. Miss. July 6, 2009).

Plaintiffs have failed to meet their burden.[12] In the absence of any demonstration that a substantial ground for difference of opinion exists as to any of the legal issues for which plaintiffs seek interlocutory review, certification is not appropriate. Therefore, this court denies plaintiffs' motion to certify the court's previous order for review by the Fifth Circuit.

---

[11]This court points out that *Casanova* does not address the question plaintiffs state: whether the innocent seller defense applies to a breach of implied warranty of merchantability claim under § 75-2-314.

[12]This court notes that the lack of Mississippi law does not create a substantial ground for difference of opinion. The fact that there are no cases interpreting a provision does not necessarily create substantial grounds for difference of opinion. *United States ex rel. Hollander v. Clay*, 420 F. Supp. 853, 859 (D.D.C. 1976) (citing *Barrett v. Burt*, 250 F. Supp. 904, 907 (S.D. Iowa 1966)). The mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion. *Flor v. BOT Fin. Corp. (In re Flor)*, 79 F.3d 281, 284 (2d Cir. Conn. 1996).

## C. Motion for Entry of Judgment

Plaintiffs request that this court certify its January 7, 2011, order as a final judgment pursuant to Federal Rule of Civil Procedure 54(b).[13] "A district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal. . ." *PYCA Indus. v. Harrison County Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996) (citing *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 445 (2d Cir. 1985)).

Plaintiffs contend that if they are not allowed to appeal this court's previous ruling they will suffer financial hardship in multiple protracted litigation of an issue that can be resolved quickly at relatively minimal cost. They further argue that a delay of several years in resolving any issue involving Skinner and possibly having to pay the costs of litigating the issues against Skinner after the issues have been resolved against General Motors would amount to an injustice.

Skinner and all claims against it have been dismissed, and Skinner has been terminated as a party from this action. This court's previous ruling is a final judgment as to Skinner. Therefore, plaintiffs' motion for entry of judgment is granted. *See Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 740 (5th Cir. 2000) (balancing avoiding the

---

[13]Rule 54(b) provides:

When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

"danger of hardship or injustice through delay which would be alleviated by immediate appeal" and "avoiding piecemeal appeals, the court concluded that "[b]ecause the district court dismissed with prejudice all claims against [a defendant], [that defendant] was no longer a party before that court and the order granting summary judgment is properly on appeal pursuant to Rule 54(b).")

**D.  Motion to Stay Case**

Plaintiffs move to stay the case pending an interlocutory appeal in order to prevent piecemeal litigation.  Plaintiffs' motion is granted.

### III.  Conclusion

For the foregoing reasons, this court is not persuaded that it committed a manifest error of law in its January 7, 2011, decision in this case.  Therefore, both of plaintiffs' motions for reconsideration [docket no.s 30 and 34] are denied.

Plaintiffs' motion for certificate of appealability [docket no. 31] is denied due to plaintiffs' failure to meet their burden to establish that this court's previous order involved a controlling question of law as to which there is a substantial ground for difference of opinion.

Plaintiffs' motion for entry of judgment [docket no. 32] and motion to stay case [docket no. 33] are both granted in order to prevent the possible hardship and injustice of litigating this case twice, once against GM and then again against Skinner.

SO ORDERED, this the 22nd day of August, 2011.

s/ HENRY T. WINGATE  
UNITED STATES DISTRICT JUDGE

Civil Action No. 3:10-cv-188 HTW-LRA

14